FILED

DEC 17 2021

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Newport News Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 4:21-cr-85 |
| v. ) | |
| ) | 18 U.S.C. § 1349 |
| MALIK MITCHUM, ) | Conspiracy to Commit Wire Fraud |
| ) | (Count 1) |
| and ) | |
| ) | 18 U.S.C. § 982(a)(2)(A) |
| JENNA MITCHUM, ) | Criminal Forfeiture |
| ) | |
| Defendants. ) | |

## CRIMINAL INFORMATION

### GENERAL ALLEGATIONS

At all times relevant:

1. The United States Small Business Administration (SBA) is an executive-branch agency of the United States government that provides support to entrepreneurs and small businesses. The mission of the SBA is to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2. As part of this effort, the SBA enables and provides for loans through banks, credit unions and other lenders. These loans have government-backed guarantees. In addition to traditional SBA funding programs, The CARES Act, which was signed into law in March 2020, established several new temporary programs and provided for the expansion of others to address the COVID-19 pandemic.

3. One of these new programs was the SBA paycheck Protection Program (PPP), which provided for loans as a direct incentive for small businesses to keep their workers on the

payroll. Under this program, the SBA forgave all or part of loans if the applying business kept its employees on the payroll for eight weeks and submitted documentation confirming that the loan proceeds were used for payroll, rent, mortgage interest, or utilities. Interested applicants apply through an existing SBA lender or any other participating federally insured financial institution.

4. The PPP application process requires applicants to submit a Borrower Application Form through an SBA-approved financial entity. The application contains information as to the purpose of the loan, average monthly payroll, number of employees and background of the business and its owner, including questions relating to criminal history. Applicants are also required to make good faith certifications, including that economic uncertainties have necessitated their loan requests for continued business operations and that they intend to use loan proceeds only for the authorized and not any duplicative purposes.

5. Another related response to the COVID-19 pandemic has been an expansion of an existing disaster-related program – the Economic Injury Disaster Loan (EIDL) – to provide for loan assistance (including $10,000.00 advances) for small businesses and other eligible entities for loans up to $2 million. The EIDL proceeds can be used to pay fixed debts, payroll, accounts payable and other bills that could have been paid had the disaster not occurred; however, such loan proceeds are not intended to replace lost sales or profits or for expansion of the business.

6. Unlike certain other types of SBA-guaranteed loans, EIDL funds are issued directly from the United States Treasury and applicants apply through the SBA via an online portal and application. The EIDL application process, which also uses certain outside contractors for system support, collects information concerning the business and the business owner, including: information as to the gross revenues for the business prior to January 31,

2020; the cost of goods sold; and information as to any criminal history of the business owner. Applicants electronically certify that the information provided is accurate and are warned that any false statement or misrepresentation to the SBA or any misapplication of loan proceeds may result in sanctions, including criminal penalties.

## COUNT ONE

THE UNITED STATES ATTORNEY CHARGES THAT:

Between in or about March 2020 and continuing until in or about at least May 2021, the exact dates being unknown, in the Eastern District of Virginia and elsewhere, MALIK MITCHUM and JENNA MITCHUM, the defendants herein, and other conspirators known and unknown, did knowingly and willfully combine, conspire, confederate and agree with each other and others known and unknown, to commit the following offense against the United States: to knowingly devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises affecting a financial institution, for which the defendants transmitted and caused to be transmitted by means of wire communications in interstate commerce certain writings, signs, signals, and sounds for the purpose of executing the scheme and artifice to defraud and for obtaining money by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1343.

## WAYS, MANNER AND MEANS OF THE CONSPIRACY

The ways, manner, and means by which the foregoing objectives of the conspiracy to commit wire fraud were to be accomplished included, but were not limited to the following:

1. The primary purpose of the conspiracy and scheme and artifice was for the defendants to fraudulently obtain pandemic-related benefits in the form of SBA-sponsored Economic Injury Disaster (EIDL) loans and SBA Paycheck Protection Program (PPP) loans.

2. It was further part of the conspiracy and scheme and artifice that the defendants submitted applications for loans under the EIDL and PPP programs that contained false statements, misrepresentations, omissions related to the defendant's income, employment, and claimed business entities.

3. It was further part of the conspiracy and scheme and artifice that the defendants falsely attested on their loan applications that the information presented was true and accurate.

4. It was further part of the conspiracy and scheme and artifice that the defendants formed fictitious business entities such as Alpha 2 Omega Logistics, Southern by the Belle, A2O Auto Brokers, Pure Pressure, and Day and Night Trucking – all of which were used to fraudulently apply for loans under the EIDL and PPP programs.

5. It was further part of the conspiracy and scheme and artifice that the defendants fabricated bank statements and other documentation to falsely portray the financial activity of their purported businesses in need of EIDL and PPP funds.

6. It was further part of the conspiracy and scheme and artifice that the defendants helped coconspirators fraudulently apply for EIDL and PPP funds and in some cases were paid a percentage of the funds obtained.

7. It was further part of the conspiracy and scheme and artifice that the defendants and coconspirators caused actual loss in an amount not less than $1.4 million and intended loss in an amount not less than $5.1 million.

8. It was further a part of the conspiracy and scheme and artifice that the Small Business Administration, the Commonwealth of Virginia, and financial institutions like Ready Capital Corporation and Newtek Small Business Finance, LLC, sustained pecuniary loss.

9. It was further part of the conspiracy and scheme and artifice to defraud that the defendants knowingly and willfully transmit and caused to be transmitted by means of wire communication interstate commerce, certain signs, signals, and sounds, that is, the electronic transmission of information from terminals and/or computers within the Eastern District of Virginia and terminals and/or computer servers located outside of the Commonwealth of Virginia.

(In violation of Title 18, United States Code, Sections 1349 and 1343.)

## FORFEITURE

1.  The defendants, if convicted of the violation alleged in Count One, shall forfeit to the United States, as part of sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the violation.

2.  If any property that is subject to forfeiture is not available, it is the intention of the United States to seek an order forfeiting substitute assets to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

(In accordance with Title 18, United States Code, 982(a)(2)(A).)

UNITED STATES v. MALIK MITCHUM AND JENNA MITCHUM, 4:21-cr-___85___

                        Respectfully submitted,

                        Jessica D. Aber
                        United States Attorney

By: _____
                        D. Mack Coleman
                        Assistant United States Attorney
                        Eastern District of Virginia
                        Fountain Plaza Three, Suite 300
                        721 Lakefront Commons
                        Newport News, Virginia 23606
                        Office:   (757) 591-4000
                        Fax:     (757) 591-0866
                        Email:   mack.coleman@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2021, I submitted the foregoing to the Clerk of Court to be filed. I will send a notification of such filing to counsel of record for the defendant.

Counsel for Malik Mitchum:
James Broccoletti
Zoby & Brocoletti
6663 Stoney Point S
Norfolk, Virginia 23502
james@zobybroccoletti.com
(757) 466-0750

Counsel for Jenna Mitchum:
Richard Doummar
Law Office of Richard H. Doummar
1397 Laskin Road
Virginia Beach, Virginia 23451
rdoummar@doummarlaw.com
(757) 422-0061

By: _____
D. Mack Coleman
Assistant United States Attorney
Eastern District of Virginia
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Office: (757) 591-4000
Fax: (757) 591-0866
Email: mack.coleman@usdoj.gov